NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIONEL TATE, Sr., <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> L. CHAVEZ; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; UNIVERSITY OF CALIFORNIA, DAVIS; J. MANN; MICHAEL GEOFFREY MOORE; M. GO; REGENTS OF THE UNIVERSITY OF CALIFORNIA; L. MEYERS, <br><br>         Defendants - Appellees. | No. 24-5349 <br><br> D.C. No. 2:22-cv-00211-DJC-CKD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

California state prisoner Lionel Tate, Sr., appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations and negligence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment to defendant Mann because Tate failed to exhaust administrative remedies for his Eighth Amendment claim and failed to raise a genuine dispute of material fact as to whether he complied with the presentment requirements of the California Government Claims Act for his negligence claim. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (explaining that failure to comply with California presentment procedures bars pendent state law tort claims against employees of public entities).

To the extent Tate challenges the district court's dismissal of his claims against the California Department of Corrections and Rehabilitation, the district court properly dismissed the claims as barred by Eleventh Amendment immunity. *See Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025) (explaining that the "Eleventh Amendment bars suits against the State or its agencies for all types of

relief, absent unequivocal consent by the state" (citation and internal quotation marks omitted)); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (setting forth standard of review).

The district court did not abuse its discretion in granting defendants' motion for an extension of time to file an answer to Tate's amended complaint. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth standard of review); *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001) (explaining that the district court has broad discretion to control its docket).

The district court did not abuse its discretion in denying Tate's motions for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors that courts may consider in determining whether to enter default judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**